Eric O'Connor (SBN 299122)
Dimitri D. Hurt (SBN 292476)
**O'CONNOR & HURT P.C.**
527 W. 7th St., Suite 800
Los Angeles, CA 90014
Tel : 310-742-7600
Fax : 213-289-5990
eric@oconnorhurt.com
dimitri@oconnorhurt.com

*Attorneys for Plaintiff,*
*Curtis Robinson*,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ROBINSON<br><br>       Plaintiff,<br>vs.<br><br>CITY OF LOS ANGELES, OSCAR RANGEL SALINAS, MARK E. RAMOS, EVAN A MARTINEZ, and DOES 1 through 10,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (First Amendment)<br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)<br>3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1988 (Conspiracy)<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability – Monell)<br>5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Failure to Train and Supervise–Canton)<br><br>**SUPPLEMENTAL STATE CLAIMS**<br>6. Intentional Infliction of Emotional Distress<br>7. Trespass to Chattels<br>8. California Civil Code § 52.1<br><br>JURY DEMAND |

**PLAINTIFF ALLEGES AS FOLLOWS:**

This is a complaint for damages based upon federal civil rights and state constitutional rights violations committed by the Defendant City of Los Angeles and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. §§ 1983, 1988, and California state law. Federal jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (a)(1-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a)

## **JURISDICTION**

1. Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988, and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1-4). Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367.

## **VENUE**

2. The claims alleged herein arose from events or omissions that occurred in the City of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391 (b)(2).

## **PARTIES**

*Plaintiff*

3. Plaintiff CURTIS ROBINSON ("Mr. Robinson") was a resident and private citizen of the State of California at all times material to this Complaint.

*Defendants*

4. Plaintiff is informed, believes, and thereupon alleges that Defendant OSCAR RANGEL SALINAS ("Defendant Rangel") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the Los Angeles Police Department ("LAPD"). He is being sued individually and in his official capacity.

5. Plaintiff is informed, believes, and thereupon alleges that Defendant MARK E. RAMOS ("Defendant Ramos") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the LAPD. He is being sued individually and in his official capacity.

6. Plaintiff is informed, believes, and thereupon alleges that Defendant EVAN A. MARTINEZ ("Defendant Martinez") was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as a Sargent of the LAPD. He is being sued individually and in his official capacity.

7. Plaintiff is informed, believes, and thereupon alleges that Defendant CITY OF LOS ANGELES ("Defendant City") is a duly constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

8. The identities, capacities, and/or nature of involvement of Defendant DOES 1 through 10 ("Doe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Does" as fictitiously-named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below. Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

9. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the City of Los Angeles, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the City of Los Angeles, State of California, and/or have their principal place of business in said City and State, and/or are doing business in said City and State.

10. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendant City were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant City, and under color of law. Plaintiff

is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant City, by and through their policymakers, decision-makers, officials, officers, and/or supervisors, including all applicable Doe Defendants.

11. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policymakers, decision-makers, and/or supervisors, including applicable Doe Defendants.

12. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policymakers, and other individuals with the authority to set or modify municipal and/or departmental policy, de Jure or de facto, of Defendant City and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

13. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants-including officials, supervisors, watch commanders, and other policymakers from Defendant City and/or Doe Defendants and their agents was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiff's expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval,

ratification, and support of each other.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. On or about June 5, 2022, at approximately 21:10 hours, Mr. Robinson, was driving his vehicle near 61st and Broadway when he was suddenly stopped by Los Angeles Police Department Officers/Defendants Rangel and Ramos (collectively the "Officers") and was asked numerous questions by officer before they took his car keys without consent.

15. Defendants Rangel and Ramos, and each of them, detained Mr. Robinson without reasonable suspicion, probable cause or other basis in law.

16. Defendants Rangel and Ramos then attempted to open the trunk of his vehicle without a warrant or probable cause using Mr. Robinson's car key.

17. The car key broke inside the lock and the police officers tossed the car keys onto the front seat while Mr. Robinson was unlawfully handcuffed and detained by Defendants Rangel and Ramos.

18. When he was released by the officers, Mr. Robinson picked up the key and noticed it was broken and unusable.

19. Defendants Rangel and Ramos' supervisor Defendant Martinez arrived at the scene of the accident to take a report of Mr. Robinson's broken key.

20. Unfortunately, Mr. Robinson's car key was not repairable and Mr. Robinson was stranded on the scene, forcing Mr. Robinson to remain in his vehicle overnight and was terrified for his life due to being left alone in a high crime area.

**DAMAGES**

21. Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Robinson to suffer the following: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury, pain and suffering,

and great and extreme mental anguish.

22. Mr. Robinson endures, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
First Amendment (Free Speech)
By Plaintiff Against The Officers

23. Plaintiff incorporates all paragraphs, as though fully set forth herein.

24. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First Amendment to the United States Constitution.

25. The First Amendment guarantees Mr. Robinson's freedom of speech and expression permitting Mr. Robinson to, inter alia, freely and lawfully express opinions or ideas. This expression may be accomplished verbally, demonstratively, and/or symbolically.

26. All of the acts complained of herein were retaliatory and directed toward Mr. Robinson because of his statements, including criticism of the Officers conduct. The Officers chilled and deterred such expression by performing and threatening the conduct complained of herein.

27. Acting with malice and oppression, the Officers acted deliberately to intimidate and silence Mr. Robinson.

### SECOND CLAIM FOR RELIEF
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Fourth Amendment (Unlawful Seizure / Search / Excessive Force)
By Plaintiff Against the Officers

28. Plaintiff incorporates all paragraphs, as though fully set forth herein.

29. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the

Fourth Amendment to the United States Constitution.

30. The Fourth Amendment protects Plaintiff from an unreasonable search and seizure, including the use of excessive force.

*Unlawful Seizure*

31. The unlawful seizure, detention, and prolonged detention, of Mr. Robinson by the Defendants were without lawful basis, reasonable, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Robinson's Fourth Amendment rights.

*Unlawful Searches*

32. The unlawful searches of Mr. Robinson, upon his arrest and separately upon being left stranded with his inoperable vehicle, were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Robinson's Fourth Amendment rights.

*Excessive Force*

33. The unlawful, unwanted, and harmful touching of Mr. Robinson by the Defendants, constituting batteries and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Mr. Robinson's Fourth Amendment rights.

34. The unlawful, unwanted, painful, and harmful detention and stranding of Mr. Robinson by Defendants, also constituting a battery and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)**
Conspiracy To Violate Civil Rights
By Plaintiff Against The Officers

35. Plaintiff incorporates all paragraphs, as though fully set forth herein.

36. This cause of action arises under 43 U.S.C. §§ 1983 and 1988, wherein Plaintiff

seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First Fourth, and Fourteenth Amendments to the United States Constitution.

37. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Robinson's civil rights afforded under the United States Constitution.

38. Among other things, the Officers acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully detain Mr. Robinson without probable cause or reasonable suspicion; (2) unlawfully conducted prolonged detention of Mr. Robinson without probable cause or reasonable suspicion; (3) unlawfully search Mr. Robinson without probable cause or reasonable suspicion; (4) jointly act to use excessive force during the detention of Mr. Robinson; (5) collaborate to fabricate and advance false police reports resulting in the jailing and prosecution of Mr. Robinson.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Unconstitutional Policy, Custom, Or Procedure (*Monell*)
By Plaintiff Against Defendant City

39. Plaintiff incorporates all paragraphs, as though fully set forth herein.

40. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

41. Defendant City violated Mr. Robinson's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, inter alia:

(i) Mr. Robinson alleges that Defendant City has a de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom of expression;

(ii) Mr. Robinson alleges that Defendant City has a de facto policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

(iii) Mr. Robinson alleges that Defendant City has a de facto policy, custom or

practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

(iv) Mr. Robinson alleges that Defendant City has a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

42. Defendant City's policies or customs caused and were the moving force and/or affirmative link behind some or all the violations of Mr. Robinson's constitutional rights at issue in this case.

43. Mr. Robinson is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City, by and through its decision makers.

44. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Robinson.

45. Mr. Robinson specifically alleges that Defendant City's policy, custom, and/or practices, as described herein, were within the control of Defendant City and within the feasibility of Defendant City, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Robinson.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Failure to Train, Supervise, Discipline, or Correct (City of Canton)
By Plaintiff Against Defendants Evan A. Martinez and City

46. Plaintiff incorporates all paragraphs, as though fully set forth herein.

47. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

48. Defendants Martinez and City violated Mr. Robinson's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices,

*inter alia*:

    (i)    Mr. Robinson is informed, believes, and thereupon alleges that Defendant Martinez had ample reason to know, based upon arrest reports, and claims for damages, inter alia, that LAPD officers and/or employees regularly engage in the misdeeds outlined in this entire complaint.

    (ii)    Mr. Robinson is informed, believes, and thereupon alleges that Defendant Martinez and City have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to the legal requirements and protections applicable to persons as outlined in the United States and California Constitutions, and other laws; and

    (iii)    Mr. Robinson alleges that these failures amount to a de facto policy and are intentional and/or the result of deliberate indifference on the part of Defendant Miller, by and through its decision makers. These include, but are not limited to, Defendant Martinez and his subordinates, as necessary to further these improper policies, practices, customs, and procedures.

    (iv)    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Robinson.

49.    Defendant Martinez acted in a supervisory capacity with respect to the incidents involving Mr. Robinson. In that capacity, Defendant Martinez acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Mr. Robinson. Mr. Robinson is informed, believes, and thereupon alleges that Defendant Martinez acted in this manner, at least in part, to avoid liability and financial exposure for the LAPD and to maintain his reputation and the reputation of the LAPD.

50.    These supervisory failures of Defendant Martinez directly caused and contributed to Plaintiff's damages.

51.    Plaintiff specifically alleges that Defendant Martinez's and City's policy, custom, and practice, as described supra, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
By Plaintiff Against the Officers

52. Plaintiff incorporates all paragraphs, as though fully set forth herein.

53. This claim arises under the general laws of the California, inclusive of Civil Code § 1714.

54. Plaintiff has complied with the California Tort Claims Act.

55. As a proximate result of Defendants' deliberately indifferent, shocking, and oppressive acts and/omissions as alleged throughout this entire complaint, Defendants caused Mr. Robinson to suffer severe emotional distress, thereby harming Mr. Robinson.

56. Defendant City is liable to Mr. Robinson for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## SEVENTH CLAIM FOR RELIEF
### TRESPASS TO CHATTELS
By Plaintiff Against the Officers

57. Plaintiff incorporates all paragraphs, as though fully set forth herein.

58. This claim arises under the general laws of California, inclusive of Civil Code § 1714.

59. Plaintiff owned the key to his vehicle on June 5, 2022.

60. Defendants intentionally interfered with and damaged Plaintiff's car key depriving him of the use of the key and his car.

61. Plaintiff did not consent for the Defendants to use or possess his car key.

62. Plaintiff was harmed because of Defendants' actions leaving him stranded overnight in his vehicle.

63. Defendants' conduct was a substantial factor in causing Mr. Robinson's harm.

## EIGHTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
By Plaintiff Against the Officers

64. Plaintiff incorporates all preceding paragraphs, as though fully set forth herein.

65. Defendants violated Mr. Robinson's clearly established rights under the United States and California Constitutions, as well as state and federal law, which include but are not limited to, the following:

    (i) First Amendment to the United States Constitution (violated by the Officers)

    (ii) Fourteenth Amendment to the United States Constitution (violated by the Officers)

    (iii) Fourth Amendment to the United States Constitution (violated by the Officers)

    (iv) California Constitution, Article 1:

        §1- Right to Happiness & Privacy (violated by the Officers);

        §2- Right to Free Speech (violated by the Officers);

        §7- Right to Due Process (violated by the Officers); and

        §13- Right to Protection against Unreasonable Searches and Seizures (violated by the Officers)

66. Defendants violated Mr. Robinson's clearly established rights under United States and California law by threats, intimidation, and/or coercion. Further, each act and/or violation of rights done by each Defendant to Mr. Robinson was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

67. Defendant City is liable to Mr. Robinson for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## NATURE OF ALL DEFENDANTS' ACTIONS

68. Defendants acted maliciously and oppressively in violating Mr. Robinson's established rights under United States and California law by threats, intimidation, and/or coercion.

69. As a result of Defendants' unlawful conduct as alleged herein, Mr. Robinson has

suffered and will continue to suffer, the above-stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

## **PRAYER FOR RELIEF**

70. WHEREFORE, Mr. Robinson prays for the following relief from Defendants, and each of them, for each of the above causes of action:

    (i) For compensatory damages, including general and special damages, according to proof;

    (ii) For punitive damages pursuant to 42 U.S.C. § 1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

    (iii) For statutory damages, according to proof;

    (iv) For prejudgment interest according to proof;

    (v) For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure § 1025.1; and any other applicable provisions;

    (vi) For costs of suit; and

    (vii) For such further relief which is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

Dated: June 4, 2024                                  O'CONNOR & HURT PC

                                                      By:   /s/ Eric O'Connor
                                                                Eric O'Connor, Esq.
                                                                 *Attorney for Plaintiff*
                                                                 *Curtis Robinson*